UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER SEAN BURRUS,<br><br>                Petitioner,<br>    v.<br><br>ROBERT JACKSON,<br><br>                Respondent. | CASE NO. 2:23-cv-01968-BHS-GJL<br><br>ORDER ON MOTION FOR EXTENSION OF FILING DEADLINE AND TO APPOINT COUNSEL |

The District Court has referred this 28 U.S.C. § 2254 action to United States Magistrate Judge Grady J. Leupold. This matter is before the Court on Petitioner Christopher Burrus' motions for an extension of the deadline by which he shall submit his habeas petition (Dkt. 4) and for court-appointed counsel (Dkt. 1-1).[1]

---

[1] Petitioner also filed an Application to Proceed *In Forma Pauperis* ("IFP"). Dkt. 1. The Court declines to consider the IFP Application until Petitioner has cured the deficiency in that application by filing his habeas petition.

I.  **MOTION FOR ADDITIONAL TIME TO FILE § 2254 HABEAS PETITION (DKT. 4)**

On December 21, 2023, the Clerk mailed Petitioner a Notice of Filing Deficiency informing him that the deadline for filing his habeas petition is January 22, 2024. Dkt. 2. In response, Petitioner requested additional time to file. *See* Dkt. 4.

Upon review, Petitioner's motion for an extension is well taken. The Court reminds Petitioner that, under Rule 2(a) of the Rules Governing Section 2254 Cases, "the petition must name as respondent the state officer who has custody." Further, the petition must:

> (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. §2242.

*Id.* at Rule 2(c). The petition must also "substantially follow" a form prescribed by the local district court or the form attached to the Rules Governing Section 2254 Cases. *Id.* at Rule 2(d).

Petitioner is advised that his petition should consist of a short and plain statement showing he is entitled to relief. Petitioner should clearly, and with specificity, allege how and on what grounds he is challenging his state-court sentence. The claims that Petitioner intends to pursue in his habeas petition should be identified as: ground one, ground two, etc. Petitioner must file the petition on the court-approved form, and he may attach one memorandum in support of the petition that includes all arguments he wishes to consider.

Accordingly, Petitioner's Motion for Additional Time to File (Dkt. 4) is **GRANTED**. Petitioner has until February 22, 2024, to file his § 2254 petition or to seek an extension of time to file. In addition, the Clerk is directed to send Petitioner a copy of the court-approved form for § 2254 habeas petitions.

## II.     MOTION FOR COURT-APPOINTED COUNSEL (DKT. 1-1)

Petitioner also moved for court-appointed counsel. Dkt. 1-1. However, the right to court-appointed counsel in cases brought under 28 U.S.C. § 2254 is limited to instances where an evidentiary hearing is required, appointed counsel is "necessary for the effective utilization of discovery procedures," or the interest of justice so requires. *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). Although the interest of justice may require the appointment of counsel prior to the start of discovery, the Court must first "evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt*, 718 F.2d at 754.

Here, Petitioner has not yet filed his habeas petition and, thus, has not demonstrated the circumstances required for the Court to appoint counsel. Stated otherwise, Petitioner's request for court-appointed counsel is premature.

Accordingly, Petitioner's Motion to Appoint Counsel (Dkt. 1-1) is **DENIED** without prejudice.

## III.     CONCLUSION

For the reasons stated, Petitioner's Motion for Additional Time to File (Dkt. 4) is **GRANTED**. Petitioner has until February 22, 2024, to file his habeas petition or to seek an extension of time to file. Petitioner's Motion to Appoint Counsel (Dkt. 1-1) is **DENIED** without prejudice.

ORDER ON MOTION FOR EXTENSION OF
FILING DEADLINE AND TO APPOINT
COUNSEL - 3

The Clerk is directed to send Petitioner a copy of the court-approved form for § 2254 habeas petitions.

Dated this 10th day of January, 2024.

Grady J. Leupold
United States Magistrate Judge

ORDER ON MOTION FOR EXTENSION OF
FILING DEADLINE AND TO APPOINT
COUNSEL - 4