UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER SEAN BURRUS,

                Petitioner,

    v.

ROBERT JACKSON,

                Respondent.

CASE NO. 2:23-cv-01968-BHS-GJL

ORDER ON MOTION TO
APPOINT COUNSEL

      This federal habeas action filed pursuant to 28 U.S.C. § 2254 has been referred to United States Magistrate Judge Grady J. Leupold. Before the Court is Petitioner's Motion to Appoint Counsel. Dkt. 15. Upon review, the undersigned finds Petitioner's request for court-appointed counsel is premature and **DENIES** the Motion **without prejudice**. Nevertheless, Petitioner is granted leave to refile the instant motion after Respondent has filed his Answer to the Petition.

## I.      BACKGROUND

      Petitioner filed his Motion to Appoint Counsel on May 8, 2024. Dkt. 15. On that same day, Respondent requested an extension of time to file his Answer to the Petition. Dkt. 14. The Court granted Respondent's request for an extension to the Answer deadline and *sua sponte*

1   extended the deadline to respond to Petitioner's Motion to Appoint Counsel. Dkt. 16. However,

2   Respondent did not respond to the Motion by the extended deadline, so the Court ordered him to

3   Show Cause why the Motion should not be granted or, in the alternative, why the matter should

4   not be referred to the Office of the Federal Public Defender for external review. Dkt. 19.

5       On June 14, 2024, Respondent filed a timely Response to the Court's Show Cause Order.

6   Dkt. 20. Thus, Petitioner's Motion to Appoint Counsel is fully briefed and ripe for consideration.

## II.    LEGAL STANDARD

8       There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254,

9   unless an evidentiary hearing is required or such appointment is "necessary for the effective

10   utilization of discovery procedures." *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United*

11   *States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894

12   F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules

13   Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). The Court also

14   may appoint counsel "at any stage of the case if the interest of justice so requires." *Weygandt*,

15   718 F.2d at 954. In deciding whether to appoint counsel, however, the Court "must evaluate the

16   likelihood of success on the merits as well as the ability of the petitioner to articulate his claims

17   *pro se* in light of the complexity of the legal issues involved." *Id.*

## III.    DISCUSSION

19       In his Motion, Petitioner cites his inability to afford an attorney, his unfamiliarity with the

20   law, and his limited access to the legal resources available at Washington State Penitentiary

21   ("WSP") as reasons necessitating the appointment of counsel in this case. Dkt. 15 at 1–2. In

22   particular, he states that he will require the assistance of counsel to prepare a response in

opposition to Respondent's forthcoming Answer, arguing that the legal issues involved will be complex and may require discovery and/or an evidentiary hearing. *Id.* at 2–3.

In response, Respondent argues that, without the benefit of his Answer to the Petition, it is too early for the Court to assess the propriety of appointing counsel in this case. Dkt. 20. For this reason, Respondent asserts the Motion should be denied without prejudice or, in the alternative, the Court should defer ruling on the Motion—and/or referring the matter for external review—until after the Answer has been filed. *Id.*

The Court agrees with Respondent and finds that Petitioner has not yet demonstrated the circumstances required for court-appointed counsel. It is still very early in Petitioner's habeas proceedings. Respondent has not filed an Answer, and the extended deadline for doing so has not yet passed. Dkt. 18. Because it is so early, the Court cannot determine the complexity of the legal issues involved, the need for counsel to aid in any discovery, or the potential need for an evidentiary hearing in this case.

Without making any determination as to his ability litigate the specific legal issues involved in this case without counsel, the Court notes that Petitioner's *pro se* filings thus far suggest he is capable of clearly articulating his claims and effectively presenting his legal arguments. *See* Dkts. 5, 11, 15. Furthermore, as Respondent correctly stated in his Response, if Petitioner requires additional time to submit any future filings or responses because of limits placed on his access to WSP's legal resources, he may seek an extension of time to file or respond on that basis.

Accordingly, it is simply too early to determine whether the appointment of counsel is appropriate in this case. And, rather than deferring decision on the instant Motion, the Court finds it is more appropriate to deny the Motion without prejudice so that Petitioner may, if he so

chooses, refile his request for counsel after reviewing Respondent's forthcoming Answer to his Petition.

## IV.  CONCLUSION

For the above reasons, Petitioner's Motion to Appoint Counsel (Dkt. 15) is **DENIED without prejudice** but Petitioner is granted leave to refile after Respondent has filed an Answer to the Petition.

Dated this 20th day of June, 2024.

Grady J. Leupold
United States Magistrate Judge

ORDER ON MOTION TO APPOINT COUNSEL - 4