UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER SEAN BURRUS,

             Petitioner,

   v.

ROBERT JACKSON,

             Respondent.

CASE NO. 2:23-cv-1968-BHS-GJL

ORDER

THIS MATTER is before the Court on Magistrate Judge Grady J. Leupold's Report and Recommendation (R&R), Dkt. 56, recommending the Court dismiss with prejudice petitioner Christopher Burrus' § 2254 amended habeas petition, deny his request for an evidentiary hearing, and deny his request for a certificate of appealability, Dkt. 41.

In November 2017, Burrus was arrested for an incident in which he poured gasoline on another person and threw a lit flare at him, causing him to catch fire. The victim suffered second and third degree burns on 30 percent of his body. In October 2018, a psychologist evaluated Burrus and diagnosed him with, among other things, "intermittent explosive disorder" (IED). Dkt. 19-2 at 55. Burrus' counsel "made no

ORDER - 1

further exploration into [IED's] cause or how it could have affected the defendant in this particular episode." Dkt. 19-1 at 202. After seven continuances, trial was scheduled for September 12, 2019.

At the end of August 2019, defense counsel came across a Ninth Circuit decision reversing a district court's denial of habeas relief, *Pirtle v. Morgan*, 313 F.3d 1160 (9th Cir. 2002). The Ninth Circuit held that the defendant's Sixth Amendment rights had been violated where trial counsel failed to request a diminished capacity instruction after an expert had testified that at the time the defendant committed the murders, he suffered from temporal lobe seizures, or "explosive dyscontrol,"[1] exacerbated by chronic drug use. *Id*. at 1169-72.

Relying on that decision, Burrus' counsel moved on the first day of trial for a continuance to obtain an expert who could specifically evaluate a diminished capacity defense as it related to Burrus' condition. Dkt. 19-1 at 198. Counsel emphasized that her failure to pursue this defense theory could violate Burrus' constitutional right to effective assistance of counsel. The trial court denied the motion, explaining that the case had already been continued multiple times, obtaining an expert would delay the trial several months, counsel had ample time to complete witness interviews, and the case was already at trial readiness. Dkt. 19-2 at 116–17.

A jury convicted Burrus of attempted first degree murder and found that his conduct manifested deliberate cruelty. Dkt. 19-1 at 2–3. The trial court imposed an

---

[1] Burrus' motion explains that "episodic dyscontrol syndrome is otherwise known as intermittent explosive disorder." Dkt. 19-1 at 203.

exceptional sentence of 300 months. *Id.* at 5. Burrus appealed, contending that there was insufficient evidence to support the jury's finding that his conduct was deliberately cruel and that this enhancement was unconstitutionally vague. Burrus did not challenge the trial court's denial of his continuance. The Court of Appeals affirmed the conviction and the Washington Supreme Court denied review. *State v. Burrus*, 17 Wn. App. 2d 162 (2021); *State v. Burrus*, 198 Wn.2d 1006 (2021).

Burrus timely filed a pro se personal restraint petition at the state court of appeals, arguing for the first time that the trial court abused its discretion by denying his motion for a continuance to obtain an expert as required by the Supreme Court in *Ake v. Oklahoma*, 470 U.S. 68, 83 (1985). Dkt. 19-1 at 161–63; Dkt. 19-2 at 189. He contended that because the "mens rea of premeditated intent to kill was the only disputed element of the crime," expert testimony interpreting and exploring his mental conditions was necessary to satisfy his constitutional right to present a complete defense and to receive a fair trial. Dkt. 19-2 at 209–10. Burrus argued that it was reasonably likely that if such evidence had been introduced at trial, the jury would have reached a different verdict. Dkt. 19-1 at 175–76. Burrus admitted, however, that the "record does not show whether he was actually prejudiced." Dkt. 19-2 at 216. He explained that "without knowing the substance of the expert testimony, . . . the prejudice caused by the denial of these services is speculative." *Id.* at 214–15. He asked the court for a reference hearing to determine whether defense should have pursued a diminished capacity defense. *Id.* at 215–16. Burrus also argued that his counsel was ineffective for negligently delaying the request for a second expert. Dkt. 19-1 at 184.

ORDER - 3

The state court of appeals denied his PRP, concluding that even assuming the trial court committed constitutional error, Burrus failed to meet his burden of demonstrating actual prejudice. Dkt. 19-2 at 287. The court explained that Burrus provided no evidence that an expert would have testified that Burrus' mental conditions impaired his ability to form the culpable mental state of the charged crime. *Id.* at 288. The court further emphasized that Burrus himself admitted that any prejudice resulting from the denial of expert services was "speculative." *Id.* at 289. For the same reasons, the court also concluded that, even assuming counsel's performance was deficient, Burrus failed to demonstrate that he was prejudiced by counsel's failure to obtain a second mental health expert. *Id.* at 290. The Washington Supreme Court again denied review. Dkt. 19-3 at 2, 16.

Burrus filed a petition for habeas relief in this Court, referred to Magistrate Judge Leupold for review. With the help of the Office of the Federal Public Defender, Burrus also filed an unopposed motion to appoint counsel, which was granted. *See* Dkt. 38. Burrus' amended petition raises four grounds for habeas relief: (1) trial court abused its discretion and caused prejudicial error by denying Burrus' motion for a continuance to obtain expert psychological services as required by the Supreme Court holdings in *Ake*, 470 U.S. 68, and *McWilliams v. Dunn*, 582 U.S. 183, 184 (2017); (2) Burrus' counsel provided ineffective assistance by neglecting his mental health investigation; (3) there was insufficient evidence to prove deliberate cruelty; and (4) the deliberate cruelty enhancement is void for vagueness. Dkt. 41.

The R&R rejected each ground, concluding that the state trial court's adjudication "was not contrary to, nor an unreasonable application of, clearly established federal law." Dkt. 56 at 1. Burrus objects to the R&R's conclusions and alternatively requests an evidentiary hearing or a certificate of appealability. Dkt. 57 at 2.

The Court addresses each of the R&R's recommendations and Burrus's objections in turn.

## I.   DISCUSSION

### A.   Standard of review

A district court shall make a de novo determination of those portions of the magistrate judge's report or specified proposed finding or recommendations to which an objection is made. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). Fed. R. Civ. P. 72(a). The court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). It must modify or set aside any portion of the order that is clearly erroneous or contrary to law.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the standard of review that federal courts must use when considering habeas petitions brought by prisoners challenging their state court convictions. Under AEDPA, Burrus is entitled to relief if the state court's adjudication "was contrary to" federal law then clearly established by the Supreme Court, § 2254(d)(1); or that "involved an unreasonable application of' such law," § 2254(d)(1); or that "was based on an unreasonable

determination of the facts' in light of the record before the state court," § 2254(d)(2)."

*See Harrington v. Richter*, 562 U.S. 86, 100, 131 (2011).

"Clearly established" federal law consists of the holdings and legal principles set forth by the Supreme Court at the time the state court renders its decision. *Greene v. Fisher*, 565 U.S. 34, 36 (2011). The petitioner must describe this holding with specificity; it is not enough to rely on dicta or a holding at such a "high level of generality" that it expands the reach of a narrow ruling. *Brown v. Davenport*, 596 U.S. 118, 136 (2022); *see White v. Woodall*, 572 U.S. 415, 419 (2014). The ultimate question under the AEDPA is "not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

**B.      Burrus' four grounds for habeas relief.**

**1.      Right to present a complete defense and to receive a fair trial (Ground One)**

Burrus argues that the trial court violated his constitutional rights to present a complete defense and receive a fair trial under the Supreme Court's decisions in *Ake* and *McWilliams* by denying him access to an expert who could have conducted an evaluation of how his IED affected his ability to form the requisite intent to commit attempted first degree murder. Dkt. 57 at 2. He argues that the state reviewing courts improperly interpreted and applied these cases when denying this ground for relief.

The R&R recommends denying ground one for two reasons: (1) Burrus cites to no federal law that the holdings in *Ake* and *McWilliams* extends to non-capital cases, and (2)

ORDER - 6

Burrus fails to show that the state court of appeals' decision—that he failed to establish actual and substantial prejudice—was contrary to clearly established Supreme Court precedent.

The Court disagrees with the R&R's first rationale. Although both *Ake* and *McWilliams* concern defendants convicted of capital defenses, they expressly apply more broadly. In *Ake*, the Supreme Court held that the Due Process Clause entitles an indigent defendant to the appointment of a psychiatrist when he makes "a preliminary showing that his sanity at the time of the offense is likely to be a significant factor at trial." 470 U.S. at 74. Nothing in the Supreme Court's decision limits this holding to only capital cases. That omission appears to have been intentional. *Compare Ake*, 470 at 87 (Burger, J. concurring) ("Nothing in the Court's opinion reaches non-capital cases") *with id*. at 87 (Rehnquist, J. dissenting) ("the constitutional rule announced by the Court is far too broad. I would limit the rule to capital cases").

This reading is confirmed by the Supreme Court's decision more than thirty years later in *McWilliams*. There, the Supreme Court identified three conditions necessary to trigger the application of *Ake*: (1) the defendant must be indigent, (2) the defendant's "mental condition" must be "relevant to . . . the punishment he might suffer," and (3) that condition must be "seriously in question." 582 U.S. at 195. Notably, the Court did not include, as additional requirements, that the defendant be facing the death penalty or present a defense of insanity. The law is defined by the rule as the Court articulated it. Together, *Ake* and *McWilliams* make clear that, "the State must provide an indigent defendant with access to a mental health expert who is sufficiently available to the

ORDER - 7

defense and independent from the prosecution to effectively 'assist in evaluation, preparation, and presentation of the defense.'" *McWilliams*, 582 U.S. at 186 (quoting *Ake*, 470 U.S. at 83).

Burrus satisfied the *Ake* conditions. Burrus was an indigent defendant. His mental condition, IED (which his psychologist reported could result in "frequently violent and uncontrollable social behavior"), was "seriously in question." And his mental condition was directly relevant to the punishment he might suffer, including whether he formed the requisite intent at the time of the incident to commit the charged crime or could assert a diminished capacity defense. *See State v. Cienfuegos*, 144 Wn.2d 222, 227-28, 25 P.3d 1011 (2001) (The diminished capacity defense requires an expert to testify that a mental disorder "impaired his ability to form the culpable mental state.").

The mental health evaluation conducted one year earlier did satisfy *Ake*. The Supreme Court made clear that "*Ake* does not require just an examination." *McWilliams*, 582 U.S. at 198. Instead, it requires the State to provide the defense with "access to a competent psychiatrist who will conduct an appropriate [1] *examination* and assist in [2] *evaluation*, [3] *preparation*, and [4] *presentation* of the defense." *Id.* (alternation in the original) (quoting *Ake* at 83).

In *McWilliams*, the Supreme Court held that the defendant's constitutional rights were violated because he received only a mental health evaluation and report prior to sentencing. 582 U.S. 183. The Court explained that "[n]o expert helped the defense evaluate the [psychologist's] report or [the defendant's] extensive medical records and translate these data into a legal strategy." *Id.* at 184. Neither did an expert help the

ORDER - 8

defense prepare and present arguments, prepare examination of witnesses, or testify at the judicial sentencing hearing. *Id.* The Court held because the defendant's "mental health assistance fell so dramatically short of *Ake*'s requirements" the Alabama court's decision to uphold the sentence was contrary to, or an unreasonable application of, clearly established federal law. *Id.* at 185.

Like in *McWilliams*, Burrus also received inadequate mental health assistance prior to trial and sentencing. In his pre-trial motion for a continuance, Burrus explained:

> The defense expert did not sufficiently explore the extent of Mr. Burrus's substance abuse and did not at all explore the cause or causes of the intermittent explosive disorder diagnosis. He absolutely did not explore the connection between drug use and the diagnosis. Effective defense for Mr. Burrus requires an expert who specializes in how drug use affects the brain and the connection between chronic drug and intermittent explosive disorder diagnosis.

Dkt. 19-1 at 202–03. Burrus further described the nature of his diagnosed condition, IED:

> It is a pattern of abnormal, episodic, and frequently violent and uncontrollable social behavior in the absence of significant provocation; it can result from limbic system diseases, disorders of the temporal lobe, or abuse of alcohol or other psychoactive substances.

Dkt. 19-1 at 203. Burrus' motion was not a "fishing expedition." Rather, he clearly asserted that he had a diagnosed medical condition that purportedly influenced his ability to control his actions. The trial court committed constitutional error by denying Burrus the opportunity to obtain a mental health expert that could explain how his IED could have affected his mental state at the time of the incident.

However, establishing a constitutional error alone is insufficient to warrant habeas relief. The state court of appeals did not fully address this due process argument because

Burrus did not challenge the denial of his motion for a continuance until his personal restraint petition. Even then, the state court of appeals merely assumed constitutional error and held that Burrus failed to meet his threshold burden of establishing actual and substantial prejudice. It reasoned that "Burrus provides no evidence that additional expert evaluations would have been favorable to him," and that Burrus himself admitted that "the prejudicial value of any expert testimony is speculative." Dkt. 19-2 at 258. The R&R did not endorse that reasoning but concluded that the state court's analysis "comports with existing law." Dkt. 56 at 10 (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–39 (1993)).

Burrus contends that the R&R failed to adequately address his prejudice arguments and, like the state court of appeals, improperly concluded that he was not prejudiced. Dkt. 57 at 5. But the R&R did not independently resolve the prejudice issue; it concluded only that the state court of appeals' analysis was not contrary to clearly established Supreme Court law. The Court is sympathetic to Burrus' arguments. He persuasively contends that the state court of appeals gave undue weight to his pro se statement that any prejudice was "speculative" and failed to consider the totality of circumstances surrounding the denial of his request for an expert, including the nature of his condition and contemporary reports of his behavior. Dkt. 57 at 6. To be sure, the Court's conclusion may be different under another procedural posture and standard of review.[2] But the question here is not whether the state court's conclusion was right or

---

[2] Indeed, there is a circuit split on the question of whether an *Ake* violation constitutes a trial error subject to harmless error inquiry or a structural error in which prejudice is presumed.

wrong. *See Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (The question under the AEDPA is "not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold."). It is whether the decision was contrary to, or an unreasonable application of, clearly established Supreme Court precedent. Burrus cites to no Supreme Court law that demonstrates the state court's decision was unreasonable.

The Court agrees with the R&R's second rationale that Burrus fails to establish that the state court's prejudice analysis and conclusion was contrary to Supreme Court law. To the extent consistent with this Order, the R&R's recommendation to deny ground one with prejudice is ADOPTED.

### 2.    Ineffective Assistance (Ground Two)

Burrus argues that he was denied effective assistance of counsel in violation of his Sixth Amendment rights because his attorney negligently failed to adequately investigate his mental health. Dkt. 41 at 5. He asserts that had his attorney requested an expert in a timelier manner, there is reasonable probability the outcome of the trial would have been different. Dkt. 57 at 7. The R&R recommends denying this claim because Burrus cannot show that the state court of appeals unreasonably applied the Supreme Court's prejudice standard applicable to ineffective assistance of counsel claims under *Strickland v.*

---

*Compare McWilliams v. Comm'r, Alabama Dep't of Corr.*, 940 F.3d 1218, 1224–26 (11th Cir. 2019) (holding that an *Ake* violation was structural error), *with White v. Johnson*, 153 F.3d 197, 201 (5th Cir. 1998) (holding that an *Ake* violation was subject to harmless error analysis), *Tuggle v. Netherland*, 79 F.3d 1386, 1392–93 (4th Cir. 1996) (same), and *Brewer v. Reynolds*, 51 F.3d 1519, 1529 (10th Cir. 1995) (same).

*Washington*, 466 U.S. 668 (1984). Burrus objects to this conclusion for the same reason he objects to the R&R's conclusion on Ground One: he contends that the R&R failed to adequately address prejudice. Dkt. 57 at 8.

To establish ineffective assistance of counsel, Burrus must show both that his counsel performed deficiently and that such deficient performance prejudiced the outcome of the defendant's trial (or appeal). *Strickland*, 466 U.S. at 687. To prove prejudice, the petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. This requires more than a showing that counsel's errors "had some conceivable effect on the outcome of the proceeding." *Id*. at 693. "The likelihood of a different result must be substantial, not just conceivable." *Harrington*, 562 U.S. at 112.

Where review of an ineffective assistance of counsel claim is governed by AEDPA, review is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). The Supreme Court explains, "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any *reasonable argument* that counsel satisfied *Strickland*'s deferential standard. *Harrington*, 562 U.S. at 105 (emphasis added).

The Court agrees with the R&R that Burrus fails to meet this highly deferential standard. There is no dispute that the state court of appeals correctly applied the *Strickland* standard in evaluating whether defense counsel's alleged deficient

performance prejudiced Burrus. The Court may not agree with this result, but it is not contrary to existing Supreme Court law. The R&R correctly concluded that the state court's decision "was not 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Dkt. 56 at 14 (quoting *Harrington*, 562 U.S. at 101, 103).

The R&R's recommendation to deny ground two with prejudice is ADOPTED.

### 3.    Sufficiency of Evidence (Ground Three)

Burrus argues that the State introduced insufficient evidence at trial to support the jury's finding of deliberate cruelty. Dkt. 41 at 5. He asserts that there "was no evidence beyond the act itself to show that [he] intended to cause any degree of pain and suffering for the [victim]." Dkt. 41 at 40. He contends that "the lack of comparative evidence" between his crime and other attempted murders "absolutely means that insufficient evidence supported the enhancement." *Id.* at 39.

The R&R recommends dismissing this claim for "multiple" reasons, including because Burrus fails to point to any Supreme Court case requiring comparative evidence to support an enhancement and because, under the broad deferential standard afforded to juries, Burrus cannot show the state court of appeals' adjudication was "objectively unreasonable."

In response, Burrus acknowledges that no Supreme Court precedent requires such a specific showing but argues that the State was nevertheless required to identify some circumstance making this offense more egregious than the basis offense. He contends that without such evidence, his conviction violates the Supreme Court's holdings in *Apprendi*

*v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 543 U.S. 296 (2004), which require the State to prove every element of the offense. Dkt. 57 at 9–10.

The Court agrees with the R&R's conclusion. The R&R correctly applied the twice-deferential review standard required for these types of insufficiency claims, first under *Jackson v. Virginia*, 443 U.S. 307 (1979), and again under § 2254(d). *Jackson* asks whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319.  Habeas review requires federal courts to overturn those state court decisions that are "objectively unreasonable." *Renico v. Lett*, 559 U.S. 766, 773 (2010).

The trial court instructed the jury that it must determine "[w]hether the defendant's conduct during the commission of the crime manifested deliberate cruelty to the victim." *Burrus*, 17 Wn. App. at 170–71. The instructions defined "deliberate cruelty" as "gratuitous violence or other conduct that inflicts physical, psychological, or emotional pain as an end in itself, and which goes beyond what is inherent in the elements of the crime." *Id.* The state court of appeals concluded that a rational jury, "based on their common sense and common experience, to determine that dousing a person in gasoline, lighting them on fire, and then leaving them to burn is deliberately cruel." *Id.* at 172. Burrus disagrees that this evidence is sufficient to prove deliberate cruelty. But *Jackson* forbids federal courts from second-guessing the jury's choice among competing inferences, and AEDPA further bars overturning a state court's *Jackson* ruling absent objective unreasonableness. *See Jackson*, 443 U.S. at 319, 326. The Court agrees with the

ORDER - 14

R&R that "the evidence presented at trial was sufficient for a reasonable trier of fact to find beyond a reasonable doubt that [Burrus] acted with deliberate cruelty when he set the [victim] on fire." Dkt. 56 at 18.

The R&R's recommendation to deny ground three with prejudice is ADOPTED.

### 4. Void for vagueness (Ground Four)

Burrus also argues that the deliberate cruelty enhancement is void for vagueness because it does not apprise the average person of what is deliberately cruel and encourages arbitrary and discriminatory enforcement. Dkt. 57 at 10–11.

The R&R recommends dismissing the claim because "the Supreme Court has not clearly established that aggravating factors used to impose an exceptional sentence in a non-capital case can be void for vagueness." Dkt. 56 at 18. The R&R relies on *Beckles v. United States*, 580 U.S. 256 (2017), which holds that a federal sentencing enhancement is not vague where it "merely guide[s] the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* at 263. The R&R explains that, as in *Beckles*, the deliberate cruelty enhancement is discretionary rather than mandatory and, although it allows a trial court to impose an exceptional sentence above the standard range, it does not authorize a sentence to exceed the statutory maximum. Dkt. 56 at 23.

Burrus objects, asserting that because the enhancement permits a greater sentence than that which he would otherwise have been subjected, the enhancement impermissibly fixes the sentence for a criminal offense. Dkt. 57 at 11. The State persuasively responds that "[a]ggravators authorize but do not require a sentence above the standard range, and the statutory maximum remains unchanged." Dkt. 58 at 10. It emphasizes that Burrus

fails to identify a Supreme Court case concluding that Washington's deliberate cruelty exception is unconstitutionally vague.

The Court agrees with the R&R. The state reviewing courts reasonably rejected Burrus' vagueness challenge.

The R&R's recommendation to deny ground four with prejudice is ADOPTED.

**C.    Evidentiary Hearing**

This matter may be resolved without an evidentiary hearing. Under § 2254, a petitioner may seek to discover and introduce additional evidence in federal court. The court's discretion to grant such requests, however, is limited. A district courts review "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). As discussed above, the Court finds the state courts' rulings on the merits of Petitioner's claims were neither contrary to or an unreasonable application of clearly established Supreme Court law nor based upon an unreasonable determination of the facts given the record.

Burrus' habeas claims may be resolved by review of the existing record without further discovery; accordingly, no evidentiary hearing is required. *See also Kemp v. Ryan*, 638 F.3d 1245, 1269 (9th Cir. 2011) (when a habeas petitioner is not entitled to an evidentiary hearing, then the petitioner's request for discovery is futile). Burrus' request for an evidentiary hearing is DENIED.

**D.    Certificate of Appealability**

A petitioner may appeal a district court's dismissal of their petition for habeas relief only after obtaining a certificate of appealability from a district or circuit judge.

The Court may issue a certificate if the petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Burrus has shown that his constitutional due process rights were violated when the trial court denied his request to obtain an expert. However, the Court agrees with the R&R that Burrus fails to show that the state courts' analysis of prejudice was contrary to existing Supreme Court law. Despite this, the Court recognizes that the prejudice standard of review required for an *Ake* violation is unclear. Burrus' request for a certificate of appealability as to ground one is GRANTED. As to all other issues, a certificate of appealability is DENIED.

## II.   ORDER

The R&R, Dkt. 56, is **ADOPTED** insofar as it is consistent with this Order. Burrus' objections, Dkt. 57, are **OVERRULED**. Burrus' § 2254 petition and request for an evidentiary hearing is **DENIED**. His request for a certificate of appealability is **GRANTED in part**.

Dated this 26th day of May, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 17